IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>ROSEL CESAR ORTIZ,<br><br>        Defendant. | No. 4:11cr0098-01<br><br><br><br>**ORDER** |

This matter comes before the court pursuant to a motion [Dkt. 304] filed by the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking a modification of the term of his imprisonment to time served and commencement of a term of supervised release previously imposed.   The court finds defendant was sentenced in the United States District Court for the Southern District of Iowa, to a term of imprisonment followed by a term of supervised release. Defendant requests an early release due to the COVID-19 virus.

Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, 132 Stat. 5194 (2018), now authorizes the Court to modify a term of imprisonment upon a finding that extraordinary and compelling reasons warrant the reduction. Compassionate release is not mandatory, even if the court finds an "extraordinary and compelling reason," however.  *See, e.g., United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).   Instead, whether to grant such a reduction involves a 4-step analytical scheme, considering the following issues in succession:   (1) timing or satisfaction of administrative requirements, *see* 18 U.S.C. §  3582(c)(1)(A); (2) extraordinary or compelling reasons, *see id.* at 3582(c)(1)(A)(i); (3) lack of danger to any other person or the community, *see* U.S.S.G. § 1.B.1.13 (applicable policy statement); and (4) § 3553(a) factors, 18 U.S.C. § 3582(c)(1)(A). *Cf. Chambliss*, 948 F.3d at 692-94.

At the first step, the administrative exhaustion requirement is satisfied [1] if "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf," or [2] there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, *whichever is earlier*."    18 U.S.C. § 3582(c)(1)(A) (emphasis added).    Some courts consider this exhaustion requirement to be a claim-processing rule subject to possible equitable tolling, but most consider it jurisdictional or otherwise mandatory.   *Compare, e.g., United States v. Smith*, No. 12 CR. 133 (JFK), 2020 WL 1849748, at *3 (S.D.N.Y. Apr. 13, 2020) (exhaustion is non-jurisdictional), *with, e.g., United States v. Lugo*, No. 2:19-CR-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020) (even if the exhaustion requirement was not jurisdiction, it was "both clear and mandatory," so that the court could not read an exception into it); *United States v. Johnson*, No. RDC-14-0441, 2020 WL 1663360, at *3–6 (D. Md. Apr. 3, 2020) (concluding that § 3582(c)(1)(A)'s exhaustion requirement is jurisdictional and, regardless, there are no exceptions to the exhaustion requirement).   Here, defendant has not satisfied the exhaustion requirement.

Upon the foregoing,

**IT IS ORDERED** that the defendant's May 26, 2020, Motion for Compassionate Release [Dkt. 304] is denied.

**DATED** this 27th day of May, 2020.

JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA